## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DUXWORTH ROOFING AND**                           **CIVIL ACTION**
**SHEET METAL INC. ET AL**

**VERSUS**                                             **NO: 15-2150**

**ASSURANCE CO. OF AMERICA**                 **SECTION: "H"(2)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Tax Costs (Doc. 91). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This diversity case arises out of an automobile accident that occurred on I-59 in Starkville, Mississippi when the truck owned by Plaintiff Duxworth Roofing and driven by Plaintiff Paul Duxworth was rear-ended by intoxicated driver Aubrey Allen. Plaintiffs settled their claim against Ms. Allen and her insurer, GEICO, at the limits of that policy. Plaintiffs brought claim against his un-insured/under-insured motorist carrier Defendant Assurance Company of America. Following trial from April 25, 2016 to April 27, 2016, the jury returned a verdict for the Plaintiffs in the amount of $286,795.50. On May 3, 2016, the Court entered judgment in favor of Plaintiff for the amount of

$116,970, which represents the jury verdict less advances received by the Plaintiffs.  This Motion to Tax Costs followed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  28 U.S.C. §1920 provides that the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A district court should grant an award for costs to the prevailing party under Rule 54(d)(1) as long as a listed expense is reasonably necessary to the litigation and authorized by statute.[1] Absent explicit statutory or contractual authorization, only those costs articulated in § 1920 are recoverable under Rule 54(d).[2]

---

[1] *Dunaway v. Cowboys of Lake Charles, Inc.*, No. 2:07 CV 1138, 2010 WL 3883262, at *2 (W.D. La. Sept. 27, 2010).

[2] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987).

## LAW AND ANALYSIS

As the prevailing party, Plaintiffs seek an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  Plaintiffs seek the following costs:

| | |
|---|---|
| 1. Fees of the Clerk: | $500 |
| 2. Fees for Service of Summons and subpoena: | $166 |
| 3. Fees for printing and recorder transcripts: | $1,618.50 |
| 4. Fees and disbursements for printing: | $1,293.54 |
| 5. Fees for Witnesses | |
|     Expert retention fees: | $15,935.51 |
|     Expert Trial Appearance Fees: | $45,039.60 |
|     Expert Deposition Fees: | $1,800.00 |
| 6. Fees for exemplification and costs of copies, binders only | $1,044.25 |
| 7. Fees for Printing of E-filed documents | $192.00 |

Defendant responds, arguing that the bulk of the expert costs sought by Plaintiffs are not recoverable under federal law.  Defendant also objects to the inclusion of copy costs and fees for printing of e-filed documents.  The Court will separately address each of Plaintiffs' costs line items and Defendant's objections thereto.

## I. Fees of the Clerk

Plaintiffs seek $500.00 in court costs.  Defendant does not object to this request.  Because court costs are specifically enumerated as recoverable under Rule 54(d), Plaintiffs may recover $500.00 for his court costs.

## II. Fees for Service of Summons and subpoena

Plaintiffs seek $166.00 for service of summons and subpoena.  Defendant does not object to this request.  Because these fees are specifically enumerated

as recoverable under Rule 54(d), Plaintiffs may recover $166.00 in fees for service of summons and subpoena.

## III. Fees for printing and recorder transcripts

Plaintiffs seek $1,618.50 in fees for printing and recorder transcripts. Defendant does not object to this request.   Because these expenses are specifically enumerated as recoverable under Rule 54(d), Plaintiffs may recover 1,618.50 in fees for printing and recorder transcripts.

## IV. Fees and disbursements for printing:

Plaintiffs seek $1,293.54 in fees for printing.  Defendant objects to this request only with regard to $270.00 included in this amount for the deposition transcript of Dr. Partington, as this amount was previously included in the $1,618.50 in transcript fees, addressed above. The Court has reviewed Plaintiffs' submissions and finds that this objection has merit.  Accordingly, Plaintiffs may recover $1,023.54 in fees and disbursements for printing, which represents the amount requested less the duplicative $270.00 for Dr. Partington's deposition transcript.

## V. Expert Witness Costs

Because the parties disagree as to the applicable law regarding taxation of expert witness costs, the Court must first decide whether federal law or Louisiana law applies in this matter.  Plaintiffs argue that, in this diversity action, the Court should apply Louisiana law and tax the costs of experts that are not otherwise recoverable under federal procedural law.  Specifically, he urges the Court to apply La. Rev. Stat. § 13:3666, which provides for the taxation of expert witness fess to a prevailing party.  He avers that the Court should apply this provision as substantive Louisiana law in lieu of taxing costs in accordance with 28 U.S.C. §§ 1920 and 1821, which limit witness compensation to $40 per day, plus allowable travel expenses.   In support of

4

this argument, he relies on the Fifth Circuit case of *Henning v. Lake Charles Harbor and Terminal District*.[3]  There, the Fifth Circuit found that, in eminent domain proceedings, the statute allowing for the recovery of expert witness fees was a matter of state substantive policy and should be applied in federal proceedings.  This case is, however, not applicable to the matter at bar, as subsequent Fifth Circuit cases have recognized that the ruling in *Henning* is limited to eminent domain proceedings.[4]  Plaintiffs' argument is further undermined by the Supreme Court's ruling in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, wherein the Court noted "that the inescapable effect of [28 U.S.C. §§ 1920 and 1821] in combination is that a federal court may tax expert witness fees in excess of the $[40]–per-day limit set out in § 1821(b) only when the witness is court-appointed."[5]  Plaintiff has directed the Court to no persuasive precedent limiting this directive to federal question cases.  Accordingly, the Court will tax costs in accordance with 28 U.S.C. §§ 1920 and 1821.

Under 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."  Additionally, a witness may be compensated for travel expenses pursuant to 28 U.S.C. § 1821(c).  Defendant's proposed recoverable costs allows for $40.00 for each day of testimony, plus recoverable travel expenses, for a total of $1030.60 in witness fees.  The Court finds that this amount represents the appropriate amount of taxable witness fees and adopts it as such.

---

[3] 387 F.2d 264 (5th Cir. 1968).
[4] *See, e.g., Seal v. Knorpp*, 957 F.2d 1230 (5th Cir. 1992) (applying 28 U.S.C. §§ 1920 and 1821 in diversity case).
[5] 482 U.S. at 442.

**VI. Fees for Exemplification and Costs of Copies, Binders Only and Fees for Printing of E-filed Documents**

Plaintiffs seek $1,044.25 in fees for exemplification and costs of copies and $192.00 in fees for printing of E-filed documents. Defendant objects to these costs as duplicative and unnecessary. The Court agrees. Plaintiffs' request for copy fees is not supported by documentation. Many of these costs appear to be duplicative of costs already recovered or were incurred for the convenience of counsel, and thus are not necessary to the litigation. Accordingly, Plaintiffs may not recover for these requested costs.

In sum, Plaintiffs are entitled to recover $500 for court costs, $166 for service of summons and subpoena, $1,618.50 for transcript costs, $1,023.54 in printing costs, and $1030.60 for witness fees, for a total costs recovery of $4,338.64.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. **IT IS ORDERED** that Defendant pay $4,338.64 to Plaintiff for costs.

New Orleans, Louisiana this 12th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**